United States District Court
Southern District of Texas
**ENTERED**
August 03, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOEL MATTHEW LOKER, TDCJ #1640252, | § § § | |
| Petitioner, | § § | |
| v. | § § § | CIVIL ACTION NO. H-16-1055 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

State inmate Joel Matthew Loker (TDCJ #1640252) has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") to challenge a state court conviction under 28 U.S.C. § 2254 (Docket Entry No. 1). Respondent has filed a Motion for Summary Judgment with Brief in Support ("Respondent's Motion") (Docket Entry No. 8), arguing that the Petition is barred by the governing one-year statute of limitations. In response, Loker has filed Petitioner's Motion to Reconsider and Rehear ("Petitioner's Response") (Docket Entry No. 10). After considering the pleadings and the applicable law, the court will grant Respondent's Motion and dismiss this case for the reasons explained below.

## I. Background

In 2009 Loker was charged in Montgomery County cause number 09-06-05989-CR with aggravated sexual assault of a child younger than the age of 14.[1] Specifically, Loker was charged with having intercourse with his live-in girlfriend's daughter causing her to become pregnant with Loker's child, which was confirmed by DNA testing.[2] The indictment in that case was enhanced for purposes of punishment with allegations that Loker had at least three prior felony convictions.[3] On April 16, 2010, Loker entered a guilty plea and admitted that the enhancement allegations were true.[4] The 284th District Court for Montgomery County, Texas, found Loker guilty as charged and sentenced him to 75 years' imprisonment.[5]

On direct appeal, Loker's appointed counsel filed a motion to withdraw and a brief pursuant to Anders v. California, 87 S. Ct. 1396 (1967), certifying that there were no non-frivolous issues to appeal.[6] After considering a pro se brief filed by Loker, the intermediate court of appeals agreed that there were no arguable issues to appeal and affirmed the conviction in an opinion

---

[1] Indictment, Docket Entry No. 9-19, p. 100.

[2] Affidavit in Response to Court's Designation of Issues, Docket Entry No. 9-19, pp. 62-63.

[3] Indictment, Docket Entry No. 9-19, pp. 100-101.

[4] Judgment of Conviction by Court - Waiver of Jury Trial, Docket Entry No. 9-19, p. 102.

[5] Id.

[6] Appellant's Anders Brief, Docket Entry No. 9-4.

delivered on July 27, 2011.[7] Loker was granted an extension of time, up to and including October 25, 2011, in which to file a petition for discretionary review.[8] Loker filed a pro se petition for discretionary review on November 8, 2011, which was summarily dismissed on November 23, 2011, as untimely filed.[9] He did not appeal further.

On May 4, 2015, Loker filed a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure.[10] After considering an affidavit from Loker's defense counsel,[11] the state habeas corpus court entered findings of fact and concluded that Loker was not entitled to relief.[12] The Texas Court of Criminal Appeals agreed and denied relief on January 27, 2016, without a written order on findings made by the trial court.[13]

On April 11, 2016, Loker executed the pending Petition, seeking federal habeas corpus relief from his conviction under 28

---

[7] Loker v. State, No. 09-10-00203-CR (Tex. App. — Beaumont, July 27, 2011) (unpublished), Docket Entry No. 9-12.

[8] Notice from Court of Criminal Appeals, Docket Entry No. 9-11, p. 4.

[9] Id. at 1, 3.

[10] Application for a Writ of Habeas Corpus, Docket Entry No. 9-19, pp. 6-28.

[11] Affidavit in Response to Court's Designation of Issues, Docket Entry No. 9-19, pp. 62-68.

[12] Findings of Fact and Conclusions of Law, Docket Entry No. 9-19, pp. 96-99.

[13] Action Taken on Writ No. 84,317-01, Docket Entry No. 9-18, p. 1.

U.S.C. § 2254.[14] Loker contends that he is entitled to relief because he was denied the right to effective assistance of counsel in connection with his guilty plea and sentencing.[15] The respondent argues that the Petition must be dismissed because it is barred by the governing one-year statute of limitations on federal habeas corpus review.

## II. Discussion

### A. The One-Year Statute of Limitations

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[14]Petition, Docket Entry No. 1, p. 11.

[15]Id. at 6-8.

>     (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Because the pending Petition was filed well after April 24, 1996, the one-year limitations period clearly applies. See Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citation omitted).

To the extent that Loker challenges a state court judgment of conviction, the statute of limitations began to run pursuant to § 2244(d)(1)(A) when his time to file a direct appeal expired. Loker's time to file a direct appeal ended and his conviction became final when his deadline to submit a petition for discretionary review expired on October 25, 2011. See Gonzalez v. Thaler, 132 S. Ct. 641, 644, 647 (2012) (noting that where Supreme Court review is not sought a conviction becomes final "when the time for seeking further direct review in the state court expires"). That date triggered the statute of limitations, which expired one year later on October 25, 2012. The pending Petition, executed on April 11, 2016, is late by more than three years and is therefore barred from federal review by the governing statute of limitations unless Loker establishes that an exception applies.

-5-

## B.   Statutory Tolling

A habeas petitioner may be entitled to statutory tolling of the one-year limitations period under 28 U.S.C. § 2244(d)(2), which provides that the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. The limitations period expired on October 25, 2012, and Loker did not seek state habeas corpus review until May 4, 2015.[16] His state habeas corpus application does not toll the limitations period under § 2244(d)(2) because it was filed after the period of limitations expired. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Loker presents no other basis for statutory tolling. In that regard, Loker has not established that he was subject to state action that impeded him from filing his Petition in a timely manner.[17] See 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the Petition is based; nor does there appear to be a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. See 28 U.S.C.

---

[16]Application for a Writ of Habeas Corpus, Docket Entry No. 9-19, pp. 6-28.

[17]Loker seeks equitable tolling due to several factors that were "beyond scope of [his] control." Petitioner's Response, Docket Entry No. 10, p. 2. For reasons discussed briefly below, Loker does not establish that any of these factors rose to the level of a state-created impediment for purposes of 28 U.S.C. § 2244(d)(1)(B).

§ 2244(d)(1)(C), (D). Accordingly, Loker fails to establish a statutory exception to the AEDPA limitations period.

## C. Equitable Tolling

The statute of limitations found in the AEDPA may be equitably tolled, at the district court's discretion, only "in rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). The petitioner bears the burden of establishing that equitable tolling is warranted. See Howland v. Quarterman, 507 F.3d 840, 845 (5th Cir. 2007) (citing Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002)). The Supreme Court has clarified that a "'[habeas] petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 125 S. Ct. 1807, 1818 (2005)).

Loker contends that he is entitled to equitable tolling because he was denied adequate access to the prison law library due to intermittent lockdowns and other factors ("foul weather," "paydays," and "holidays") that resulted in staff shortages at the Michael Unit where he is currently incarcerated.[18] Loker also contends that the law library at the Michael Unit was deficient

---

[18]Petitioner's Response, Docket Entry No. 10, pp. 2-3.

because the set of Vernon's Annotated Texas Statutes lacked an index for an entire year starting in late 2012 or early 2013, and Texas Digests were available only through an inter-library loan request, which could take anywhere from one week to five or six months to fulfill.[19]

Loker's statute of limitations expired on October 25, 2012, and he did not file his federal habeas Petition until April 11, 2016. Loker provides no dates for the lockdowns or staff shortages that reportedly frustrated his access to the law library. Likewise, he does not state with specificity what steps he took to pursue his claims. His conclusory allegations do not demonstrate that he was diligently pursuing his rights during the limitations period or that equitable tolling is available. San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011) ("Mere conclusory allegations are insufficient to raise the issue of equitable tolling."); Yang v. Archuleta, 525 F.3d 925, 930 (10th Cir. 2008) ("[A habeas petitioner's] conclusory statement that he 'diligently pursued his rights and remedies' will not suffice.").

Staff shortages and temporary lockdowns of the sort described by Loker are common occurrences in prison and do not constitute extraordinary circumstances. See Dodd v. United States, 365 F.3d 1273, 1283 (11th Cir. 2004) ("[L]ockdowns and periods in which a prisoner is separated from his legal papers are not 'exceptional

---

[19] Id. at 3.

circumstances' in which equitable tolling is appropriate."). The Fifth Circuit has recognized that "an inadequate law library does not constitute a 'rare and exceptional' circumstance warranting equitable tolling."[20] Scott v. Johnson, 227 F.3d 260, 263 n.3 (5th Cir. 2000) (citing Felder v. Johnson, 204 F.3d 168, 171-73 (5th Cir. 2000)).

Although Loker proceeds pro se on federal habeas review, his incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling. See Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999); see also Tate v. Parker, 439 F. App'x 375, 376 (5th Cir. 2011) (Ignorance of the law, lack of knowledge of filing deadlines, a temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not generally sufficient to warrant equitable tolling.).

---

[20]The Fifth Circuit has held that under certain limited circumstances an inadequate prison law library may constitute a state created impediment for purposes of statutory tolling under 28 U.S.C. § 2244(d)(1)(B). See Egerton v. Cockrell, 334 F.3d 433, 435 (5th Cir. 2003) (finding that tolling was warranted as a state created impediment under § 2244(d)(1)(B) where a prison law library did not have a copy of the AEDPA). To prevail, a habeas petitioner seeking to toll the limitations period for an inadequate law library must "show that the lack of adequate legal materials actually prevented him from timely filing his habeas petition." Krause v. Thaler, 637 F.3d 558, 651 (5th Cir. 2011) (citing Felder v. Johnson, 204 F.3d 168, 171 n.9 (5th Cir. 2000)) (emphasis in original). Loker makes no effort to demonstrate how lack of access to specific legal materials impeded his ability to assert the ineffective-assistance claims in his Petition. Accordingly, he does not show that tolling is available under § 2244(d)(1)(B).

Loker has not asserted or proven facts showing that he pursued his rights with the requisite due diligence or that he was otherwise prevented from seeking federal review by a rare and exceptional circumstance. Accordingly, he has not met his burden to show that he is entitled to equitable tolling. Absent any valid basis for tolling the statute of limitations, the Petition will be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

## IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. Respondent's Motion for Summary Judgment (Docket Entry No. 8) is **GRANTED**.

2. Petitioner's Motion for Reconsideration and Rehearing (Docket Entry No. 10) is **DENIED**.

3. The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Joel Matthew Loker (Docket Entry No. 1) is **DISMISSED with prejudice** as barred by the one-year statute of limitations.

4. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 3rd day of August, 2016.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE